```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
              Criminal No. 12-127(DSD/TNL)
                 Civil No. 14-2936(DSD)
```

United States of America,

        Plaintiff,

v.                                                              **ORDER**

Nathan Paul Severson,

        Defendant.

    Laura M. Provinzino, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Nathan Paul Severson, #16512-041, FCI - Milan, P.O. Box 1000, Milan, MI 48160, pro se.

This matter is before the court upon the pro se motions by defendant Nathan Paul Severson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and for the turnover of property. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motions.

**BACKGROUND**

On July 18, 2012, Severson pleaded guilty to distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). ECF No. 27. Pursuant to his plea agreement, Severson

agreed to forfeit certain enumerated computer equipment and other property related to the offense. Id. ¶ 9. A preliminary order of forfeiture was entered on August 14, 2012. ECF No. 29.

On November 20, 2012, the court sentenced Severson to a term of imprisonment of 180 months, followed by a supervised release term of fifteen years. ECF No. 39. In the sentencing judgment, the court notified Severson of certain items to be forfeited. Id., at 6. On August 15, 2012, the government posted online a Notice of Criminal Forfeiture pertaining to Severson's property. See ECF No. 30. A final order of forfeiture was entered on December 4, 2012. ECF No. 42. Severson did not appeal his sentence.

Other property belonging to Severson was administratively forfeited. See Provinzino Decl. Ex. 1. On January 14, 2011, Immigration and Customs Enforcement agents seized items related to the offense. See id. On January 20, 2011, Severson received a certified letter notifying him of the forfeiture and explaining how he could file an objection or appeal. Id. Severson did not contest the forfeiture at that time.

On July 16, 2014, Severson filed a motion under § 2255, claiming ineffective assistance of counsel. Severson also filed a motion for turnover of the forfeited property. The government now moves to dismiss the motions.

**DISCUSSION**

**I.   28 U.S.C. § 2255**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. 28 U.S.C. § 2255. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court must generally hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required.

Severson argues that relief under § 2255 is warranted based on ineffective assistance of counsel. Specifically, Severson argues that his attorney failed to (1) properly argue that his addiction to pornography and success in seeking treatment warranted a reduced sentence, (2) present to the court and probation officer a psychologist's report evaluating his addiction and treatment, and

3

(3) appeal his sentence even though he requested that an appeal be filed.  Even if the court were to accept these allegations,[1] the court finds that Severson is not entitled to relief because his motion is untimely.

A motion under § 2255 must be filed within one year from the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  Severson's sentencing judgment was entered on November 20, 2012.  ECF 39.  He had fourteen days from then to file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i).  He did not appeal his sentence, and as a result, his conviction became final on December 4, 2012.  See Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (explaining that a criminal judgment that is not appealed becomes final when the appeal period expires).  Severson filed the instant motion on July 16, 2014, more than seven months past the deadline.  As a result, his motion is untimely.[2]

---

[1] Indeed, at sentencing, Severson's attorney argued that a downward variance was warranted due to, among other things, Severson's addiction and treatment.  See ECF No. 35.  Based on multiple factors, the court imposed a sentence below the guidelines range of 210 to 240 months.  See ECF No. 40.  Moreover, a review of the court's file in this matter shows that both the court and probation office received a copy of the psychologist's report, which was incorporated into the presentence investigation report before sentencing.

[2] Severson argues that his one-year time period began on March 13, 2013, after the court amended the sentencing judgment to add restitution obligations.  See ECF No. 48.  Even if the court accepted Severson's argument, his motion was still filed after the one-year time period expired.

Severson also invokes the doctrine of equitable tolling to argue that his petition should not be time-barred. Under equitable tolling, a late § 2255 filing may be excused "where extraordinary circumstances beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (citation and internal quotation marks omitted). Severson argues that extraordinary circumstances exist here because he was not able to obtain a copy of the psychologist's report before the time period expired. He claims that he believed the report was necessary to support his motion. The court finds that these circumstances are not extraordinary. Severson's lack of access to the report did not prevent him from actually filing this motion. See Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (holding that "lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"). As a result, equitable tolling does not apply and dismissal is warranted.

## II.  Forfeiture of Property

Severson next seeks the return of judicially and administratively forfeited property. Specifically, Severson argues that he never received notice of the forfeitures, and that the administratively forfeited property was neither enumerated in the court's forfeiture order nor associated with his criminal activity.

5

### A.   Judicially Forfeited Property

A court may not enter a judgment of forfeiture in a criminal proceeding "unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. 32.2(a). Further, "[i]f the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture ... directing the forfeiture of specific property." Id. 32.2(b)(2)(A). If the court orders forfeiture, the government must publish notice of the specific items to be forfeited. Id. 32.2(b)(6). When notice is properly provided, a defendant must appeal the court's forfeiture order within fourteen days of final judgment. Id. 32.2(b)(4)(C); Fed. R. App. P. 4(b)(1)(A).

The indictment in this matter stated that the government would seek forfeiture of all property associated with Severson's counts of conviction. ECF No. 1, at 3-4. The indictment also specifically listed an HP desktop computer, containing Hitachi SATA and Seagate SATA hard drives; and a Western Digital External USB hard drive as property to be forfeited. Id. The court entered a preliminary order of forfeiture for those items on August 14, 2012. ECF No. 29. The government then posted a notice of criminal forfeiture of the same items. See ECF No. 30. The court entered a final order of forfeiture for those items on December 4, 2012.

6

ECF No. 42. Severson never appealed or objected to the forfeiture until the instant motion, well after his appeal window expired. The court finds that Severson received adequate notice of his forfeiture and that the present motion is untimely. As a result, dismissal is warranted.

**B.   Administratively Forfeited Property**

Severson next argues that he never received notice of the administrative forfeiture, and that the items seized were not subject to forfeiture. Severson seeks the return of items such as VHS tapes, CDs, hard drives, and other electronic items that were not enumerated in the court's forfeiture order.

The government must send written notice to all interested parties no later than sixty days after the administrative seizure of property. 18 U.S.C. § 983(a)(1)(A)(i). An interested party must then file a claim no later than the deadline specified in the notice letter. Id. § 983(a)(2)(B). Severson's items were seized on January 14, 2011. See Provinzino Decl. Ex. 1. On January 20, 2011, Severson received a certified letter notifying him of the seizure and listing the specific property that was seized. Id. The letter stated that Severson may, within thirty days, request administrative relief or file a claim for the property pursuant to 18 U.S.C. § 983(a)(2). Id. Ex. 1, at 2-4. The court finds that

Severson received proper notice of the forfeiture. Because Severson did not seek relief or object to the forfeiture until the instant motion, on July 16, 2014, this motion is untimely.

Even if the motion was timely, Severson is not entitled to the return of the administratively forfeited property. In his plea agreement, Severson agreed to forfeit, pursuant to 18 U.S.C. § 2253, "any property ... used or intended to be used to commit or to promote the commission of [the] offense." ECF No. 39 ¶ 9(c); see also 18 U.S.C. § 2253(a)(3). The government argues that the administratively seized items provided Severson with Internet access, means of recording videos, or means of storing videos and pictures, which are all essential to distributing, receiving, and possessing child pornography. The court agrees that these items were intended to be used in or helped to promote the commission of Severson's offense. As a result, the items were properly forfeited, and dismissal is warranted.

### III.  Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). As discussed, the court is firmly convinced that Severson's claims are

baseless, and that reasonable jurists could not differ on the results given the nature of his arguments. A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to vacate, set aside, or correct sentence [ECF No. 55] is denied;

2.   The motion for turnover of property and for other relief [ECF No. 60] is denied;

3.   The motion to dismiss petition for habeas relief [ECF No. 62] is granted;

4.   The motion to dismiss defendant's motion for turnover of property [ECF No. 64] is granted;

5.   Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability; and

6.   This matter is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   December 1, 2014

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court