UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-127(DSD/TNL)

United States of America,

       Plaintiff,

v.     **ORDER**

Nathan Paul Severson,

       Defendant.

    Laura M. Provinzino, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Nathan Paul Severson, #16512-041, Federal Correctional Institution, P.O. Box 1000, Sandstone, MN 55072, pro se.

This matter is before the court upon two motions for post-conviction relief brought by defendant Nathan Paul Severson. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies Severson's motions.

**BACKGROUND**

Severson pleaded guilty in 2012 to distribution of child pornography and was sentenced to a 180-month term of imprisonment. Severson did not directly appeal that conviction or sentence, but on July 16, 2014, Severson filed a motion requesting post-conviction relief under 28 U.S.C. § 2255, arguing that his trial counsel had been ineffective in several respects. See ECF No. 55. The court denied Severson's motion as untimely. Under § 2255(f)(1), a motion for post-conviction relief brought pursuant

to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." Severson filed his § 2255 motion well after the one-year limitations period expired, and so a remedy under that provision was no longer available to him. See ECF No. 69. Severson later appealed the denial of his § 2255 motion, but the Eighth Circuit dismissed the appeal as untimely. See ECF No. 89.

On November 18, 2015, Severson filed a motion to suppress evidence. ECF No. 93. On November 23, 2015, Severson filed a motion to challenge sentencing enhancements to Guidelines § 2G2.2. ECF No. 94.

## DISCUSSION

In his first motion, Severson argues that law-enforcement officials violated his Fourth Amendment rights during their investigation of his crime. In the second motion, Severson argues that the court improperly applied a two-point enhancement to his offense level under the Guidelines for using a computer to produce, transmit, receive, or distribute child pornography. See U.S.S.G. § 2G2.2(b)(6).

Severson does not specify the procedural vehicle through which he is currently seeking relief. Clearly, however, Severson is challenging the legality of his federal conviction and sentence.

Such a challenge must ordinarily be brought pursuant to § 2255.[1] No doubt Severson has avoided expressly invoking § 2255 because of that provision's restrictions on second-or-successive motions, which must first be certified by a court of appeals before they may be heard in the district court. See 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(3)(A). "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam). Severson has already once sought relief under § 2255 in this district, and he does not have authorization from the Eighth Circuit to bring his most recent motions for relief. Accordingly, those motions cannot now be adjudicated in this venue. Because

---

[1] Severson at times identifies his motion for relief under the Fourth Amendment as a "complaint" or "civil case." See ECF No. 93 at 1-2. If Severson (who is detained in Minnesota) is seeking to initiate habeas corpus proceedings in this district, the court notes that habeas corpus is unavailable to federal prisoners challenging the validity of their sentence or conviction unless § 2255 can be shown to be "inadequate or ineffective to test the legality" of the prisoner's detention. See 28 U.S.C. § 2255(e). Section 2255 is not inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Accordingly, because the exclusive-remedy rule of § 2255(e) bars Severson from challenging his conviction or sentence through a habeas petition, any habeas petition filed by Severson would meet the same fate as his current motions.

those motions are both untimely, see 28 U.S.C. § 2255(f), and fail to satisfy the stringent requirements for the certification of second-or-successive § 2255 motions, see 28 U.S.C. § 2244(b)(2), the court declines to transfer the motions to the Eighth Circuit for further consideration.  Instead, those motions are dismissed without prejudice.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Severson's motions for post-conviction relief [ECF Nos. 93 & 94] are dismissed without prejudice.

Dated:  November 30, 2015.

s/David S. Doty
David S. Doty, Judge
United States District Court