```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
            CRIMINAL NO. 12-127(DSD/TNL)
```

United States of America,

        Plaintiff,

v.                                                  **ORDER**

Nathan Paul Severson,

        Defendant.

This matter is before the court upon defendant Nathan Paul Severson's pro se motion for compassionate release under 18 U.S.C. § 3582 and early release under United States Sentencing Guidelines Amendment 821. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

In November 2012, Severson was sentenced to 180 months' imprisonment based on his plea of guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Severson twice moved to vacate his sentence under 28 U.S.C. § 2255, and also twice moved for compassionate release. The court denied the motions.

Severson now moves again for compassionate release, alleging that his health is deteriorating, he would like to care for his aging parents, and he has successfully completed numerous courses

while in prison and has a low risk of recidivism. He also moves for early release under Amendment 821.

## DISCUSSION

### I. Compassionate Release

The First Step Act allows for a reduction in sentence or compassionate release where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission has issued policy statements setting forth the circumstances under which relief may be warranted under § 3582. Among them includes "suffering from a serious physical or mental condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. (b)(1)(A). In addition, the following family circumstance may warrant relief: "The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Id. cmt. (b)(3)(C).

Severson has not established such extraordinary and compelling circumstances. As to his health, although he suffers from a small hiatal hernia, mild gastritis, and mild duodenitis, ECF No. 133-1, at 10, which undoubtedly cause pain and discomfort, the record does not support a finding that he has met the high bar

2

set forth in § 1B1.13, cmt. (b)(1)(A). There is no evidence that he cannot provide self-care or that he is not expected to recover. As a result, Severson's medical condition does not support compassionate release.

With respect to his aging parents, Severson has not established – or even argued – that they are incapacitated and can only be assisted by him. He understandably misses them and would like to spend more time with them in their retirement years, but that is not a sufficient basis for compassionate release.[1]

The court must therefore deny the compassionate release aspect of Severson's motion.

B. **Section 3553(a) Factors**

Even if extraordinary and compelling circumstances existed, the court remains convinced that the § 3553(a) factors weigh against release. Severson was convicted of distribution of child pornography. At his original sentencing, the court weighed the § 3553(a) factors and found that the sentence imposed was sufficient to reflect the seriousness of the crime, punish, and deter future criminal conduct. The court continues to find that given the serious nature of Severson's offense and the damage to his victim, a reduction in sentence would not reflect the nature

---

[1] The court commends Severson's continuing education and rehabilitation while in prison, but that alone does not provide a basis for compassionate release. See U.S.S.G. § 1B1.13, cmt. (d).

3

and circumstances of the crime. Accordingly, the court finds the § 3553 factors weigh against a sentence reduction.

## II. Amendment 821

Severson argues that he should receive a reduced sentence given that the sentence imposed was unusually long and he has served over 82% of that sentence. In making this argument, Severson seems to invoke Amendment 821, in which the sentencing commission made retroactive amendments to two sections of the sentencing guidelines. U.S.S.G. § 1B1.10(a)(2), (d).

"The first change limits the impact of § 4A1.1 'status points,' which are criminal-history points added when the defendant committed his offense while under another criminal sentence." United States v. Williams, No. 15-CR-185, 2023 WL 8868799, at *2 (D. Minn. Dec. 22, 2023); see also U.S.S.G. § 1B1.10 cmt. 7. Because he was not under another criminal sentence when he committed the instant offense, Severson was not given status points and is therefore not eligible for relief under this section.

Amendment 821 also changed § 4C1.1 by "provid[ing] a decrease of two levels from the [otherwise applicable total] offense level" for defendants with zero criminal history points. The amendment does not apply, however, to crimes involving sex offenses, as is the case here. U.S.S.G. § 4C1.1 (a)(5).

Severson is not eligible for a reduction in his total offense level under Amendment 821.

4

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the motion [ECF No. 133] is denied.

Dated: January 18, 2024

                                                  s/David S. Doty
                                                  David S. Doty, Judge
                                                  United States District